IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY CAMPBELL,
 Plaintiff,

vs.            Case No.: 3:06cv365/RV/EMT

SHERIFF R. JOHNSON, et al.,
 Defendants.
_____/

**ORDER**

  This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 6).  From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under § 1983 as to some or all of the named Defendants.  Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

  At all times relevant to this action, Plaintiff was an inmate at the Walton County Jail (Jail).  Plaintiff names four Defendants:  R. Johnson, Sheriff of the Walton County Sheriff's Department; and Capt. L. Mimms, Lt. T. Prater, and Sgt. J. Hall, all of whom work at the Jail (Doc. 1 at 1-2).  Plaintiff alleges that on June 29, 2004, Judge Kelvin Wells, the judge presiding over his criminal case, set bond at $30,000.00, to be secured with cash, a professional bond, or property approved by the judge (Doc. 1 ¶ 7).[1]  Plaintiff's mother obtained documentation to post a property bond secured by property located in neighboring Okaloosa County (*id*. ¶ 8).  The trial judge escorted her to the Jail, informed a correctional officer that he approved use of the real estate as bond, and directed the Sheriff's Department to "complete the necessary paper work" to facilitate Plaintiff's release (*id*. ¶ 9).  However, the officer informed Plaintiff's mother that she needed further documentation,

---

[1] Unless otherwise noted, all facts are derived from the Statement of Facts section of Plaintiff's complaint (Doc. 1, ¶¶ 6-45).

including proof of ownership and proof that the property was not homestead property (*id*. ¶¶ 10-12). After Plaintiff's mother obtained the documentation and presented it to Defendant Hall, he advised that Sheriff Johnson's policies prohibited the use of out-of-county property as collateral for a property bond (*id*. ¶¶ 9-13).[2]

On April 14, 2005, Plaintiff wrote a grievance to Defendant Mimms, Defendant Prater, and another officer complaining about Sheriff Johnson's policy (*id*. ¶ 15, Ex. A). Plaintiff states that the grievance was returned to him (*id*.). One week later, on April 21, 2005, Plaintiff, through counsel, presented the documents to the trial court and argued that the Sheriff's Department failed to follow the court's order setting bond (*id*. ¶ 17). The judge stated that because of Sheriff Johnson's policy, he would not approve the property as security for the bond (*id*. ¶ 18). Plaintiff wrote letters to the trial judge and the Walton County Board of Commissioners complaining about Sheriff Johnson's policy (*id*. ¶¶ 19, 20). On May 11, 2005, an officer informed Plaintiff that the jail would accept the property as bond (*id*. ¶ 21). Plaintiff's criminal trial was held the next day, and he was obviously convicted, as he is now incarcerated in the state correctional system (*id*. ¶¶ 21-24). Plaintiff states these events caused him emotional distress (*id*. ¶¶ 21, 22, 25).

In an unrelated claim, Plaintiff alleges that while he was incarcerated at the Jail, Defendants interfered with his "legal mail" because he did not receive correspondence regarding a Florida Bar Association (Bar) complaint he filed against an Assistant State Attorney (ASA) (*id*. ¶¶ 2-38). Plaintiff alleges that the ASA was directed to respond to Plaintiff's complaint and provide Plaintiff with a copy of his response, but Plaintiff never received the copy (*id*. ¶¶ 31, 36). When Plaintiff later inquired of the Bar regarding the status of his complaint, the Bar advised Plaintiff that the ASA's response indicated that a copy had been mailed to Plaintiff at the Jail and, further, that the Bar also had mailed a letter to Plaintiff at the Jail indicating that "since he had chosen to not submit a rebuttal to the response file [sic] on [behalf of the ASA], the Bar have [sic] chosen to deside [sic] in favor of [the ASA]." (*id*. ¶¶ 33-35, 37-38). Plaintiff alleges that he could have prevailed in the disciplinary action against the prosecutor if he had received the correspondence (*id*. ¶ 39). He

---

[2]Plaintiff has not indicated when this occurred. Plaintiff alleges that he initially moved for the property bond on June 29, 2004 and that he first filed a grievance protesting the refusal of the property on April 14, 2005. However, he has failed to indicate when his mother presented the completed paperwork to post the bond.

Case No: 3:06cv365/RV/EMT

asserts that there were no facilities for maintaining incoming and outgoing mail; thus, the mail was subject to being lost or stolen (*id.* ¶ 43). Furthermore, when Officer Roberts, who is not a Defendant in this action, delivered the mail to inmates, he simply threw the mail under the cell block door for the inmates to distribute themselves (*id.* ¶ 44). Plaintiff claims that Defendants deprived him of the opportunity to "litigate his allegations with the Florida Bar and the courts" by failing to provide an adequate mail system to ensure that he received his mail (*id.* ¶¶ 40-41, 43-45). He states he suffered extreme emotional stress and depression due to the reckless handling of his mail (*id.* ¶ 42).

Plaintiff alleges violations of the Fifth, Eighth, and Fourteenth Amendments, and generally alleges "discriminatory" conduct on the part of the Defendants (*id.* ¶¶ 46-50). As relief, he seeks compensatory damages for the "pain and mental anguish" he has suffered as well as "his attorney fee and cost" and "such additional relief" as the court may deem proper (*id.* ¶ 51).

Initially, Plaintiff has failed to demonstrate he exhausted his administrative grievances with regard to the claim involving mishandling of his mail. Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Thus, the court should dismiss a case such as this if it determines that exhaustion has not been accomplished. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see also* Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997).

In the instant case, Plaintiff concedes that there exists a grievance procedure at the Jail, as he alleges he grieved the property bond issue; indeed he attached a copy of the grievance to the complaint (Doc. 1 ¶15, Ex. A). However, Plaintiff does not allege that he grieved the issue of the mishandling of inmate mail. Unless Plaintiff shows that he exhausted his claim regarding the mail system, the claim will be subject to dismissal without prejudice to his refiling his claims after he has fulfilled the exhaustion requirement.

Additionally, Plaintiff has failed to state a basis for liability as to Defendants Mimms and Prater. The only mention he makes of these Defendants in the factual section of his complaint is to say that they denied his grievance regarding the property bond issue. However, the grievance

submitted by Plaintiff shows that although Plaintiff addressed the grievance to Captain Mimms, Lieutenant Prater, and Sergeant Holmes, the official who actually denied the grievance was Officer McKee (*see* Doc. 1, Ex. A).  Furthermore, the mere fact that an official denies a grievance, without more, is insufficient to impose liability.  Supervisory officials may be held liable where the facts show a causal connection between the actions of a supervising official and the alleged constitutional deprivation, such as "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).  However, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

In the instant case, Plaintiff alleges that the constitutional deprivations he suffered were the result of policies at the Jail; however, he states that the policies are those of Sheriff Johnson, not Defendants Mimms or Prater.  Unless Plaintiff alleges facts showing a causal connection between the alleged constitutional violations and conduct of Defendants Mimms and Prater, he should drop these officers as Defendants.

Regarding the substance of his claims, Plaintiff's allegations of interference with his mail fail to state a claim for denial of access to the courts.  Interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983.  Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991).  To successfully allege a constitutional violation based upon denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved.  Lewis, 518 U.S. at 349.  The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate

"to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 354. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445-46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. Lewis, 518 U.S. at 353 n.3; Wilson,163 F.3d at 1291.

In the instant case, Plaintiff complains that he did not receive two letters from The Florida Bar regarding a complaint he had filed against the prosecutor who prosecuted him, and he did not receive a copy of the prosecutor's response to the Bar complaint (*see* Doc. 14, ¶ ¶ 67-70). As a result, the Bar complaint was dismissed. Initially, it is doubtful that the correspondence at issue constitutes "legal mail" for First Amendment purposes. Furthermore, Plaintiff has not alleged facts showing that his complaint had arguable merit. Finally, the court notes that Plaintiff was able to file a civil rights complaint against the prosecutor (Campbell v. Schlecter, Case No. 3:05cv121/LAC/EMT) which was dismissed without prejudice on August 1, 2005 for Plaintiff's failure to comply with a court order. Thus, Plaintiff has failed to establish how his inability to complete the bar complaint process prejudiced him with respect to any legal action protected by the First Amendment. Therefore, Plaintiff should drop this claim from his amended complaint.

Plaintiff's Fifth, Eighth, and Fourteenth Amendment claims regarding Defendants failure to comply with a court order regarding acceptance of the property as bond is also subject to dismissal. To the extent Plaintiff is stating a claim for excessive bail under the Eighth Amendment, he is advised that there is no established constitutional right to a certain type of bond. *See* United States v. James, 674 F.2d 886, 891 (11th Cir. 1982) ("As long as the primary reason in setting bond is to produce the defendant's presence, the final amount, type, and other conditions of release are within

the sound discretion of the releasing authority. . . ."); <u>Walden v. Carmack</u>, 156 F.3d 861, 874 (8th Cir. 1998) (holding where a sheriff required a cash bond and refused to accept a property bond to satisfy bail, no "constitutional right to a certain type of bond" was established). The test for whether bail is excessive under the Eighth Amendment is whether "the Government's proposed conditions of release or detention not be 'excessive' in light of the perceived evil." <u>Broussard v. Parish of Orleans</u>, 318 F.3d 644, 651 (5th Cir. 2003) (quoting <u>United States v. Salerno</u>, 481 U.S. 739, 754, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)). A detainee's inability to post bail does not inherently make bail excessive. <u>United States v. McConnell</u>, 842 F.2d 105, 107 (5th Cir. 1978) ("[B]ail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement."); *see also* <u>Pugh v. Rainwater</u>, 572 F.2d 1053, 1069 (5th Cir. 1978) (Coleman, J., concurring) ("[P]eople may not be denied reasonable bail in bailable cases, but they are not entitled to bail on their own terms. . . . If reasonable bail is set and the defendant cannot make it the Constitution does not command that he shall be released."). In the instant case, Plaintiff has not challenged the amount of bail as unreasonable or excessive, but merely the type of property accepted for the bond, which is insufficient to state a claim for excessive bail. Furthermore, even if Plaintiff could state a claim for excessive bail on these facts, Defendants would be entitled to raise qualified immunity as a defense because there is no clearly established Eighth Amendment right to a certain type of bond. *See* <u>Walden</u>, 156 F.3d at 874.

To the extent Plaintiff is stating a procedural due process claim, his claim is unclear as he received two hearings regarding his bond: one regarding his motion for the property bond (which was granted) and one regarding the refusal to accept the Okaloosa County property for the bond (during which the judge declined to accept the property). To the extent Plaintiff is stating a substantive due process claim, i.e. that he has a fundamental right to access the bail system once bail has been set by the releasing authority, Plaintiff is advised that courts have held that access to the bail system once an individual is found eligible for bail does not constitute a fundamental right, and government limitations on access to the bail system need only be reasonable. *See* <u>Broussard</u>, 318 F.3d at 657 (holding the district court's fundamental rights analysis "crumbles, however, under the weight of . . . related Supreme Court precedent which indicate that these [bail] fees do not implicate fundamental rights and thus need only be reasonable").

Finally, Plaintiff is advised that subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff has not alleged any physical injury arising from Defendants' actions. Therefore, Plaintiff cannot recover the compensatory damages he seeks, and would only be entitled to nominal damages if he prevailed on his claims.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged

constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1.	The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983.  This case number should be written on the form.

2.	Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file a third amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Amended Complaint."  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.	Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 3<u>rd</u> day of October 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983.  This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file a third amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Amended Complaint."  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 3rd day of October 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**