IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY CAMPBELL,
       Plaintiff,

vs.                                 Case No: 3:06cv365/RV/EMT

SHERIFF R. JOHNSON,
       Defendant.
_____/

**O R D E R**

       Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed his second amended complaint (Doc. 12) and the appropriate number of service copies as directed by the court. Service of the complaint shall therefore be ordered, and Defendant shall be required to respond. Plaintiff shall not file any reply to Defendant's response until ordered to do so by the court.

       Accordingly, it is **ORDERED**:

       1.      The docket shall reflect that there is one Defendant in this action: Sheriff R. Johnson. Plaintiff shall have ten days from the date of this order in which to notify the court if this is incorrect.    2.      The Clerk shall issue summons, indicating that Defendant has 60 days in which to file a responsive pleading (which in this case will be a motion for summary judgment or special report as detailed *infra*), and refer the summons to the United States Marshal with a copy of this order and the service copy of the second amended complaint. Pursuant to Fed. R. Civ. P. 4(c)(2), all costs of service shall be advanced by the United States.

       3.      The Marshal shall transmit one USM-285 form and one Form 1A[1] to Plaintiff along with instructions. The instructions shall require Plaintiff to complete and return the form to the United States Marshal's office in Tallahassee within twenty (20) days from the date of receipt

_____

[1] *See* Fed. R. Civ. P. Appendix of Forms.

thereof.  Failure by Plaintiff to return the completed form within this time period may result in the dismissal of this case.

4.      Pursuant to Fed. R. Civ. P. 4(d), the United States Marshal shall then send a copy of the second amended complaint, a copy of this order, a completed Form 1A and a copy thereof, a Form 1B, and a prepaid means of compliance to Defendant through first class mail.  The Marshal shall mail the forms to Defendant as soon as possible so that service or waiver of service can be completed within 120 days from the date of entry of this order on the docket.

5.      If after thirty (30) days from the mailing of the waiver of service forms and the complaint Defendant has not returned the waiver of service form (Form 1B), the Marshal shall personally serve Defendant pursuant to Fed. R. Civ. P. 4(e).  Upon completion of service, the Marshal shall file with the Clerk the return and a written statement of all costs incurred of making such personal service.

6.      The Clerk shall refer this file to the undersigned if the waiver form is returned for insufficient address or for similar reason, if service on Defendant is returned unexecuted, or if the Marshal has filed a statement of costs incurred for making personal service.

7.      Upon receipt of the complaint, Defendant shall review the subject matter of the complaint in order to:

a.      Ascertain the facts and circumstances surrounding the complaint;

b.      Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

c.      Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

8.      Within **sixty (60) days** of receipt of the summons, Defendant shall respond to the complaint either by filing a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies or by filing a special report with the court, and a copy thereof to Plaintiff, containing the following:

a.      Sworn statements of all persons having knowledge and relevant information regarding the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including Plaintiff.)

  b.  Copies of any written reports prepared as a result of investigation of the inmate's allegations.

  c.  All defenses, including immunity defenses.  If not listed, such defenses may be considered waived.

  d.  Where relevant, copies of medical or psychological or disciplinary records.

  e.  Where applicable, copies of relevant administrative rules, regulations or guidelines.

Defendant is advised that, at some time in the future upon notice of the court, the special report may be deemed a motion for summary judgment.  Therefore, in addition to the above-mentioned items, the special report shall be in compliance with Local Rule 56.1, and shall include all Fed. R. Civ. P. 56 materials that Defendant wishes the court to consider.[2]

  9.  No answer, motion to dismiss, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the court, except as set forth above.

  10.  Plaintiff shall not file a reply to Defendant's motion for summary judgment or to Defendant's special report until ordered to do so by the court.

  11.  Once a special report is filed, no amendments to the complaint shall be permitted by the court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

  12.  After the special report or other response to the complaint has been filed by Defendant, Plaintiff shall be required to mail to the attorney for Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the clerk of court a "certificate of service" stating the date a correct copy of the paper was mailed to Defendant or to the attorney representing Defendant.  **Any paper submitted for filing after a response to the complaint has been filed by Defendant which**

---

[2]The special report must contain a short and concise statement of the material facts and shall not merely re-assert Plaintiff's allegations.

**does not contain a certificate of service shall be returned by the clerk and disregarded by the court**.

13.      In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent he should sign the form and forward it to counsel for Defendant, who shall return it to the Clerk only if Defendant consents.

14.      **In any event, the Clerk shall refer this file to the undersigned forty-five (45) days from the date of this order**.

**DONE AND ORDERED** this <u>26th</u> day of March 2007.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**