IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY CAMPBELL,
    Plaintiff,

vs.                              Case No. 3:06cv365/RV/EMT

R. JOHNSON,
    Defendant.
_____/

## **O R D E R**

       This cause is before the court on Defendant's special report (Doc. 29) filed pursuant to a previous order of the court.  After reviewing the report and all attached materials, the court determines that Plaintiff should respond to the report.

       At some time in the future, the court may, by separate order, treat Defendant's report and Plaintiff's response as a summary judgment motion and response.  Therefore, Plaintiff is also directed to file and serve all sworn affidavits and any other documents or materials authorized to be filed under Rule 56 of the Federal Rules of Civil Procedure.

       In opposing a motion for summary judgment, Plaintiff is the nonmoving party, and as Plaintiff he is the party with the burden of proof.  Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The rule does not require the party seeking summary judgment to submit evidence **negating** the opposing party's claim, but instead to demonstrate ("**with or without supporting affidavits**") that the Rule 56(c) standard is satisfied.  Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).

Plaintiff is cautioned that he must dispute or contradict Defendant's arguments with evidence of a substantial nature as distinguished from legal conclusions. Plaintiff cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can he simply rely upon the pleadings. A general denial unaccompanied by any evidentiary support will not suffice. *See, e.g.*, Courson v. McMillian, 939 F.2d 1479 (11th Cir. 1991); Hutton v. Strickland, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). If affidavits of witnesses are unavailable, Plaintiff should so indicate by his own affidavit and seek an extension of time to obtain other affidavits. Fed. R. Civ. P. 56(f). If Plaintiff is unable to present, by affidavit or other evidence, facts essential to justify his opposition to Defendant's report, Plaintiff must file a sworn statement as to why he is unable to do so.

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (Plaintiff), but unreasonable and speculative inferences will not be drawn from the materials. Tyler v. Vickery, 517 F.2d 1089 (5th Cir. 1975). Evidence filed by Defendant in support of the motion for summary judgment may be accepted as true by the court if Plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56. Brown v. Shinbaum, 828 F.2d 707 (11th Cir. 1987).

Plaintiff is cautioned that only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on such a motion. A motion for summary judgment will result in a final judgment without a full trial or any further proceeding, if the pleadings, sworn affidavits, and other appropriate evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that Defendant is entitled to a judgment as a matter of law. Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202, 212 (1986).

Finally, Plaintiff is instructed that no pleading other than a response to the special report which complies with this order will be docketed by the clerk without court approval. If Plaintiff

requires the assistance of the court in discovering specific documentation or in obtaining affidavits which are not included in the special report, Plaintiff may file a motion to that effect. Discovery pursuant to the Federal Rules of Civil Procedure shall not be conducted without court approval. Failure to address the need for discovery within the time allotted for the response to the special report will result in the foreclosure of future opportunities for discovery, absent exceptional circumstances.

Accordingly, it is **ORDERED**:

1. Within **THIRTY (30) DAYS** from the date of the docketing of this order, Plaintiff shall file a written response to the report filed by Defendant, in compliance with the above instructions.

2. Failure to follow the requirements of this order may result in a recommendation that final judgment be entered in favor of Defendant without an evidentiary hearing or trial.

**DONE AND ORDERED** this 31st day of July 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**