IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


RANDY CAMPBELL,
      Plaintiff,

vs.                                Case No.:  3:06cv365/RV/EMT

SHERIFF RALPH JOHNSON,
      Defendant.
_____/

## O R D E R

      This action filed pursuant to 42 U.S.C. § 1983 is before the court upon Plaintiff's Motion to Conduct Discovery (Doc. 32) and Defendant's response thereto (Doc. 34).

      Plaintiff requests permission to serve twenty-five (25) interrogatories and a request for production of thirty (30) documents on Defendant.  Defendant responds that the information requested by Plaintiff in his proposed interrogatories was sufficiently answered by Defendant in his affidavit attached to his special report (*see* Doc. 34 ¶ 4).  Defendant further states that although the documents requested by Plaintiff are relevant to the claims asserted in the complaint, the documents submitted with the special report included all of the relevant documents requested in Plaintiff's request for production (*id*. ¶¶ 6, 9).  Defendant contends that Plaintiff has been provided all the relevant and available information and documentation; therefore, requiring Defendant to respond to the discovery requests would place an unnecessary and unwarranted burden upon him (*id*. ¶¶ 10, 11).  Upon review of each of Plaintiff's interrogatories, the undersigned concludes that the following interrogatories are relevant and the information requested was not sufficiently provided in the documents submitted with Defendant's special report; therefore, Plaintiff's motion to conduct discovery will be granted to the extent that Defendant will be required to answer the following interrogatories, as restated by the court for purposes of clarity:

2.     Please state the name, address, telephone number, and job title of each individual answering or providing assistance (including how and when the assistance was provided) in answering these interrogatories or the accompanying request for production.

3.     Please describe Defendant's duties and responsibilities at the Walton County Jail from May 14, 2004 to June 1, 2005.

5.     Please describe who was responsible for booking pre-trial detainees and processing bonds for pre-trial detainees at the Walton County Jail from May 14, 2004 to May 11, 2005.

6.     Please describe Defendant's procedures regarding processing and acceptance of bail bonds and release of pre-trial detainees which were applied to Plaintiff from May 14, 2004 to May 11, 2005.

7.     Please identify any witnesses with knowledge of the Walton County Jail's receipt and processing of information regarding Plaintiff's bail during the period May 14, 2004 to May 11, 2005.

11.     Please identify any documents indicating, and witnesses with knowledge of, Defendant's knowledge that a judge had approved a property bond for Plaintiff in December of 2004.

12.     Please identify any rule, procedure, or statute that required the Sheriff's Department to accept bail or surety approved by a judge.

13.     Please identify any witnesses with knowledge of whether it was Defendant's decision to refuse to facilitate Plaintiff's release upon presentation of the property bond approved by a judge during the period December of 2004 to May of 2005.

15.     Please state whether the Jail staff's refusal to facilitate Plaintiff's pre-trial release, upon presentation of documentation showing that a judge had approved a property bond, was due to improper training and supervision.

16.     Please identify any witnesses with knowledge of how and when Defendant learned the circumstances of Plaintiff's pre-trial release.

18.     Please state whether Defendant's refusal to facilitate Plaintiff's pre-trial release during the period December of 2004 to May of 2005 was based upon Defendant's personal policy.

19.    Please identify any witnesses with knowledge of how and when Defendant learned that Jail staff had refused to facilitate Plaintiff's pre-trial release after a judge had approved a property bond.

20.    Please identify any witnesses with knowledge of whether that Defendant intentionally refused to facilitate Plaintiff's pre-trial release even though a judge had approved the property bond.

24.    Please identify any documents indicating, and witnesses with knowledge, that Defendant knew or should have known that he acted with deliberate indifference to Plaintiff's clearly established rights under state and federal law.

The undersigned concludes that Plaintiff's remaining interrogatories, numbered 1, 4, 8, 9, 10, 14, 17, 21, 22, 23, and 25, were unintelligible or sought information that was either irrelevant, repetitive of Plaintiff's other discovery requests, or already provided by Defendant in his special report; therefore, Defendant will not be required to answer these remaining interrogatories.

Upon review of each of Plaintiff's requests for production of documents, the undersigned concludes that the following requests are relevant and the documents requested were not provided with Defendant's special report; therefore, Plaintiff's motion to conduct discovery will be granted to the extent that Defendant will be required to produce and permit Plaintiff to inspect and copy each of the following documents:[1, 2]

3.    Documents indicating the person who had ultimate authority at the Jail for facilitating Plaintiff's pre-trial release upon approval of a property bond by a judge.

5.    Documents indicating the person or persons who were responsible for processing Plaintiff's bond and pre-trial release.

7.    Documents setting forth Defendant's policies and procedures regarding bail bond and pre-trial release of inmates during the period May 14, 2004 to May 15, 2005.

8.    Documents indicating Defendant's policies and procedures applied to Plaintiff in the processing of his property bond.

---

[1]Many of Plaintiff's requests for production are overbroad.  The court has narrowed the documents that Defendant must produce to those that are relevant and specific to Plaintiff's claims.

[2]Defendant shall apply Plaintiff's definition of "document" on page 2, paragraph 6 of his request for production.

10.     Documents indicating Defendant knew that judges had authority to determine the amount and type of bond for pre-trial detainees.

11–12. Documents indicating the customs and practices at the Walton County Jail regarding the acceptance and approval of property bonds in facilitating the release of pre-trial detainees during the period May 14, 2004 to May 15, 2005.

13.     Documents indicating Defendant knew that a judge had approved a property bond for Plaintiff and had directed the Sheriff's Department to facilitate Plaintiff's pre-trial release.

14.     Documents indicating that Defendant refused to facilitate Plaintiff's pre-trial release after a judge had approved Plaintiff's property bond.

15.     Documents indicating that Jail staff was trained to refuse to facilitate release of pre-trial inmates in situations such as Plaintiff's even though a judge had approved a property bond.

16.     Documents indicating that Defendant knew that Jail staff was trained to refuse to facilitate release of pre-trial inmates in situations such as Plaintiff's even though a judge had approved a property bond.

17–18. Documents indicating how and when Defendant learned the circumstances of Plaintiff's pre-trial release.

19–20. Documents indicating that Defendant intentionally refused to facilitate Plaintiff's pre-trial release even though a judge had approved the property bond.

21–22. Documents indicating how and when Plaintiff was notified that the Jail had been directed to release him.

23–24. Documents indicating the reason(s) Plaintiff was not released after a judge approved Plaintiff's property bond.

29–30. Documents indicating how and when Defendant learned that Jail staff had refused to facilitate Plaintiff's pre-trial release after a judge had approved a property bond.

If Plaintiff desires copies of any of the materials produced by Defendant, he shall prepay the cost of duplication.  The undersigned concludes that Plaintiff's remaining requests for production, numbered 1,  2, 4, 6, 9, 25, 26, 27,  and 28, were unintelligible or sought information that was either

irrelevant, repetitive of Plaintiff's other discovery requests, or already provided by Defendant in his special report; therefore, Defendant will not be required to respond to these remaining requests.

Accordingly, it is **ORDERED**:

1.      Plaintiff's Motion to Conduct Discovery (Doc. 32) is **GRANTED IN PART** only to the extent set forth in the body of this order.

2.      Within **THIRTY (30) DAYS** from the date of docketing of this order Defendant shall respond to Plaintiff's discovery requests, to the extent granted in the body of this order, or explain to the court his inability to do so.  If Defendant asserts that the material does not exist or that he is otherwise unable to produce the material, he shall so state in a sworn statement by the person having knowledge of such fact.

3.      Plaintiff's Motion to Conduct Discovery (Doc. 32) is **DENIED** as to his requests not specifically granted in the body of this order.

**DONE AND ORDERED** this 31st day of August 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**