IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY CAMPBELL,
    Plaintiff,

vs.                                                Case No.: 3:06cv365/RV/EMT

SHERIFF RALPH JOHNSON,
    Defendant.
_____/

**O R D E R**

    In light of the opinion and mandate of the United States Court of Appeals for the Eleventh Circuit reversing the grant of summary judgment in favor of Sheriff Johnson in this case and remanding for further proceedings, this cause is now in the proper posture to proceed to trial. The parties are now directed to address the following pre-trial matters:

    1. While the parties have an absolute right to trial by jury, they are reminded that this case may also be heard by a judge sitting as trier of fact. The parties are advised that a judge trial may generally proceed in a less costly and more timely fashion. For these reasons, if the parties wish to waive their right to a trial by jury, they may do so by communicating their waivers to the court.

    2. Plaintiff and Defendant shall each be required to file certain pre-trial information, including a narrative written statement, a list of exhibits, and a list of witnesses with a summary of their expected trial testimony, as set forth in detail below.

    3. Discovery shall be conducted only with court approval and only as set forth below. Accordingly, it is **ORDERED**:

    1. If the parties wish to waive their right to a jury trial, they shall communicate their waivers to the court on or before **DECEMBER 3, 2009.**

    2. Discovery pursuant to the Federal Rules of Civil Procedure shall not be conducted without court approval. If the parties wish to discover specific documents or obtain affidavits, etc.,

they may file a motion with the court to that effect, stating with particularity the items to be discovered and their relevance to the issues in this case. Any discovery which the court permits must be conducted so that the due date of any request is not later than **DECEMBER 18, 2009.** Only upon a showing of good cause and due diligence during the initial discovery period will additional time for discovery be permitted. The filing of motions SHALL NOT operate to toll or extend the discovery cut-off date set forth in this paragraph. Unless otherwise ordered by the court, no motions to compel discovery may be filed after the close of discovery.

   3.  On or before **JANUARY 4, 2010**, and bearing in mind the directives in this order, Plaintiff shall file with the court and serve upon Defendant the following:

     a.  A written narrative statement of the facts that will be presented on his behalf through oral or documentary evidence at trial;

     b.  A list of the exhibits he will offer into evidence at trial;

     c.  A list of the full names and addresses of all the witnesses whom Plaintiff intends to call and a succinct summary of the expected testimony of each of those witnesses.

     d.  Plaintiff shall indicate which witnesses, if any, are inmates. The court may, upon request by Plaintiff and the exercise of its discretion, issue writs ad testificandum in a case of this nature to procure the presence of inmate witnesses at trial. The court has no authority, however, to allocate funds to pay unincarcerated witnesses whose attendance at trial is procured by subpoena. Accordingly, the court will not issue subpoenas for such witnesses unless Plaintiff first demonstrates his ability to pay the witness' travel expenses (mileage at 48.5 cents each way) plus the daily witness fee of $40.00.

     e.  Plaintiff shall serve upon counsel for Defendant a complete copy of all the information required by 3(a)–(d), above. He shall also include in the original document filed with the clerk a certificate stating the date a true and correct copy was mailed to Defendant's counsel.

   4.  On or before **JANUARY 19, 2010**, Defendant shall serve upon Plaintiff and file with the court the following:

     a.  A written narrative statement of the facts that will be presented on his behalf through oral or documentary evidence at trial;

Case No.: 3:06cv365/RV/EMT

  b. A list of the exhibits he will offer into evidence at trial;

  c. A list of the full names and addresses of all the witnesses whom Defendant intends to call and a succinct summary of the expected testimony of each of those witnesses.

 5. Failure of the parties to disclose fully in the pre-trial materials required herein the substance of the evidence to be offered at trial will result in the exclusion of that evidence at trial. The only exceptions will be (1) matters which the court determines were not discoverable at the time of the pre-trial conference; (2) privileged matters; and (3) matters to be used solely for impeachment purposes.

 **DONE AND ORDERED** this 3rd day of November 2009.

    /s/ *Elizabeth M. Timothy*
    **ELIZABETH M. TIMOTHY**
    **UNITED STATES MAGISTRATE JUDGE**