IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY CAMPBELL,
    Plaintiff,

vs.                                 Case No.: 3:06cv365/RV/EMT

SHERIFF RALPH JOHNSON,
    Defendant.
_____/

**O R D E R**

This matter is before the court on Plaintiff's "Bill of Costs" (Doc. 91), Motion For Appointment of Counsel (Doc. 92), and "Request for the Court to Take Judicial Notice Regarding Campbell v. C. Johnson Case no. 3:05cv113/EMT" (Doc. 93).

Plaintiff's request for taxation of costs shall be denied. Final judgment in favor of Plaintiff has not been entered in this case; therefore, taxation of costs against Defendant is not appropriate. *See* Yedlin v. Lewis, 320 F.2d 35 (5th Cir. 1963).[1]

Plaintiff's motion for appointment of counsel shall also be denied. The appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). This case does not present the type of exceptional circumstances required under this circuit's precedent for the appointment of counsel in a civil case. Furthermore, the court cannot require any counsel to accept this case on a pro bono or contingency fee basis. Moreover, the fact that the court appointed counsel for Plaintiff in Campbell v. Johnson, Case No. 3:05cv113/EMT is irrelevant to the appointment of counsel in the instant case. The issue involved in Case No. 3:05cv113/EMT was medical in nature and thus involved discovery of medical evidence and testimony by expert witnesses. Additionally, Plaintiff's incarceration throughout that litigation greatly inhibited his ability to conduct discovery. The instant case is not factually complex. Furthermore, Plaintiff is no longer incarcerated and is thus freely able to participate in discovery. Therefore, Plaintiff's Motion

---

[1]Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

For Appointment of Counsel (Doc. 92), and "Request for the Court to Take Judicial Notice Regarding Campbell v. C. Johnson Case no. 3:05cv113/EMT" (Doc. 93) will be denied.

As a final matter, the court notes deficiencies in Plaintiff's filings which render them non-compliant with the local rules of this court. For example, Plaintiff's statement in each of his motions that he was "unable to confer with Defendant prior to filing his motion, [but] Defendant will not be prejudice[d] by the court granting [the motion]" (*see* Doc. 92 at 1; Doc. 93 at 2) is insufficient to satisfy the conference requirement of Rule 7.1(B) of the local rules. Plaintiff is additionally advised that Local Rule 5.1(B)(5) requires that his telephone number be included in the signature block of each document he files with the court. While the court is obliged to construe a pro se litigant's pleadings liberally, *see* Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (recognizing that pro se complaints should be held to "less stringent standards" than pleadings drafted by attorneys), a party who proceeds pro se nevertheless must comply with the same procedural rules that other litigants must follow. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that "once a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Any future motions that do not comply with the Local Rules will be denied without prejudice to Plaintiff's refiling upon compliance with the rules.

Accordingly, it is **ORDERED**:

Plaintiff's "Bill of Costs" (Doc. 91), Motion For Appointment of Counsel (Doc. 92), and "Request for the Court to Take Judicial Notice Regarding Campbell v. C. Johnson Case no. 3:05cv113/EMT" (Doc. 93) are **DENIED** without prejudice.

**DONE AND ORDERED** this 16th day of November 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**