IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY CAMPBELL,
    Plaintiff,

vs.                                                   Case No.: 3:06cv365/RV/EMT

SHERIFF RALPH JOHNSON,
    Defendant.
_____/

## **ORDER**

        This matter is before the court on Plaintiff's "Special Assistance of the Court, and or Alternative" (Doc. 103). Plaintiff states that his share of the fee for the private mediator in this case ($625.00) is "disproportionate to [his] financial status" (*id.*). He states the court granted him leave to proceed in forma pauperis when he initiated this case, and the fact that he is no longer incarcerated "should not effect [sic] this status" (*id.*). Plaintiff requests "assistance" from the court to enable him to pay his share of the mediation fee (*id.*).

        To the extent Plaintiff is requesting that the court waive his share of the mediation fee, the court has no authority to do so. The mediator appointed in this case is a private mediator with no association with the court; therefore, the court has no control over the amount of the fee or the ability to waive Plaintiff's share. Additionally, Plaintiff failed to file a financial affidavit demonstrating his inability to pay his share of the fee. Although Plaintiff was granted indigent status when he filed this action over three (3) years ago, his circumstances have apparently changed. Plaintiff was a prisoner at the time he filed this action, but he was released from incarceration two months ago (*see* Doc. 89). Additionally, the court notes that according to Defendant's opposition to Plaintiff's request to proceed in forma pauperis in an earlier appeal in this case, Defendant's counsel stated that on March 14, 2008, she forwarded a check to Plaintiff in the amount of $10,000.00 in settlement of a different lawsuit (*see* Doc. 68). It thus appears that Plaintiff's financial

status has changed since he initiated this case. Finally, Plaintiff is advised that reimbursement of a party's share of the mediation fee is an issue that may be addressed as part of the mediation.

In light of Plaintiff's failure to demonstrate his inability to pay his share of the mediation fee, his motion will be denied.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Special Assistance of the Court, and or Alternative" (Doc. 103) is **DENIED without prejudice**.

2. The clerk shall provide a copy of this order to attorney Charles L. Cetti, 817 N. Palafox Street, Pensacola, FL 32501.

**DONE AND ORDERED** this 21st day of December 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**